NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2553
_____

TRACEY L. POWER,
Appellant

v.

BAYONNE BOARD OF EDUCATION; PATRICIA L. MCGEEHAN, Individually;
JOHN DOES 1-5; JANE DOES 1-3, XYZ CORPORATIONS 1-3
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-16-cv-05091
District Judge:  The Honorable Kevin McNulty
_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 28, 2023

Before: KRAUSE, AMBRO, and SMITH, *Circuit Judges*

(Filed:  October 3, 2023)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SMITH, *Circuit Judge*.

Tracey L. Power, a physical education teacher and athletic trainer for the Bayonne Public School District (the "District"), sued the Bayonne Board of Education and its superintendent, Patricia L. McGeehan, for alleged retaliation. Power now appeals the District Court's grant of summary judgment in favor of the Board and McGeehan, arguing that the Court erred in (1) failing to treat certain Requests for Admissions ("RFAs") as admitted and (2) determining that Power's speech was not protected under the First Amendment. We will affirm the District Court's order.

I.

The events leading up to this case began when Power reported to the District's Athletic Director, that the football coach was dispensing prescription drugs to some of his players. The District immediately communicated with law enforcement. Although police investigated the matter, they were unable to substantiate Power's allegations. But, in the meantime, Power raised other issues that the District likewise tried to address.

Tension between Power and the football coach continued into the start of the football season in the following academic year, with each complaining about the other's conduct. This prompted the Board to: obtain an independent investigation into the circumstances; direct that neither Power nor the football coach were to communicate with the other; and temporarily contract with an independent athletic trainer to service the football program. Although Power continued to serve as the athletic trainer for all other sports, she viewed the retention of an independent athletic trainer to perform one of her job functions as a demotion in retaliation for her reports about the football coach. She

2

also believed that other subsequent events—namely, a reprimand for conduct unrelated to the football program, and the withholding of a salary "increment"—constituted additional retaliation. A555.

Thereafter, Power sued the Board and Superintendent McGeehan, claiming that the alleged retaliation for speaking out on a matter of public interest violated her right to free speech under both the First Amendment and the New Jersey Constitution.[1] Further, she alleged that the Board and McGeehan were liable under the New Jersey Law Against Discrimination ("NJLAD") for subjecting her to a hostile work environment based on her gender and because, when she objected to the hostile environment, they retaliated against her.[2]

As discovery was winding down, Power's attorney served ninety RFAs on the Board pursuant to Federal Rule of Civil Procedure 36. Although the Board objected to the RFAs and subsequently answered them, Power's counsel asserted that the Board never answered the RFAs and that they were therefore "deemed admitted." A703. Power relied upon the purported admissions to her RFAs to not only support her own

---

[1] On appeal, Power fails to address the merits of her retaliatory speech claim under the New Jersey Constitution. In any event, because the free speech guarantee contained in New Jersey's Constitution "is generally interpreted as co-extensive with the First Amendment," that claim will be governed by our federal analysis. *Palardy v. Twp. of Millburn*, 906 F.3d 76, 80 (3d Cir. 2018) (quoting *Twp. of Pennsauken v. Schad*, 733 A.2d 1159, 1169 (N.J. 1999)).

[2] Power purports to appeal the summary judgment order as to her NJLAD claims. We need not address those claims because Power's opening brief only mentions her claims and does not address them substantively. *Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

3

summary judgment motion but also to oppose the Board and McGeehan's cross-motion. The District Court, considering the Board's timely objection and answers, concluded that the RFAs had not been admitted. Because the "RFAs constitute[d] the entirety of Power's case for summary judgment," the District Court denied her motion and granted summary judgment in favor of the Board and McGeehan. A7.

This timely appeal followed.[3]

## II.

A party's failure to respond to a request for admissions results in a "deemed" admission. *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013). Power contends that the District Court "abuse[d] its discretion" because it failed to treat the unanswered RFAs as "deemed" admissions, thereby conclusively establishing those admissions for purposes of summary judgment.[4] Appellant's Br. 2. Power's argument ignores the text of Rule 36(a)(3), the Board's timely responses to the RFAs, and the docket entries concerning the discovery dispute and the Magistrate Judge's order. Rule 36(a)(3) provides that "[a] matter is admitted *unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer

---

[3] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291.

[4] "A district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183 (3d Cir. 2001). Accordingly, we apply an abuse-of-discretion standard to the District Court's application of Rule 36.

4

or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3) (emphasis added). But the rule also provides that the 30-day period for responding may be extended "by the court." *Id.* Here, the Board objected two days after being served with the RFAs, and then, well within the 30-day period for responding, filed a letter motion to strike the RFAs. Although the Magistrate Judge declined to strike them, he granted an extension of time to answer. Because the Board complied with that deadline, we agree with the District Court that the RFAs were not admitted.

## III.

Power also challenges the District Court's conclusion that she failed to adduce evidence that she made public complaints that were protected under the First Amendment.[5] She contends that her RFAs established that the Board was aware that she had reported the football coach's improper conduct to the Drug Enforcement Agency, the New Jersey Public Employees Occupational Safety and Health Program, the New Jersey Department of Education, and the New Jersey Interscholastic Athletic Association. But the Board denied the RFAs that Power relies upon, and, in any event, the RFAs do not establish that Power made public complaints or that the Board was aware of any such complaints. After reviewing the remainder of the record, we agree with the District Court that there were "no facts in the record to show that Power spoke in a public forum in her capacity as a private citizen" or that the Board was aware of such speech. A9. We also agree with the Court that Power's reports to the Board "consisted entirely of complaints

---

[5] "We review a grant of summary judgment de novo," using the "same test" as the district court. *T.R. v. Sch. Dist. of Phila.*, 4 F.4th 179, 190 (3d Cir. 2021).

up the chain of command," A8, which do not constitute protected speech. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). *See also Foraker v. Chaffinch*, 501 F.3d 231, 243 (3d Cir. 2007) (concluding that "[i]n making their voices heard up the chain of command . . . [they] spoke pursuant to their duties as government employees"), *abrogated on other grounds in Borough of Duryea v. Guarnieri,* 564 U.S. 379 (2011).

In sum, we will affirm the judgment of the District Court.

6